## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MALLINCKRODT PLC, *et al.*[1] | ) | Case No.  20-12522 (JTD) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |
| _____ | ) | |
| | ) | |
| Heather L. Barlow as Trustee of the MALLINCKRODT GENERAL UNSECURED CLAIMS TRUST, | ) ) ) ) | Adv Proc No. 22-50429 (JTD) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MAXCARE LLC d/b/a MAXCARE RX, | ) | |
| | ) | |
| Defendant. | ) | |

### ANSWER OF DEFENDANT MAXCARE LLC D/B/A MAXCARE RX

Defendant, MaxCare LLC d/b/a MaxCare RX for its Answer to Plaintiff's Complaint, states as follows.  All allegations of Plaintiff's Complaint are denied unless specifically admitted herein.

### NATURE OF THE ACTION

1. Defendant admits the Plaintiff brought this action but denies there were any preferential transfers as alleged in Paragraph 1.

2. Defendant admits the Plaintiff seeks to disallow a claim but denies that it is entitled to do so as alleged in Paragraph 2.

### THE PARTIES

3. Defendant admits the allegations in Paragraph 3.

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt. The Debtors' mailing address is 675 McDonnell Boulevard, Hazelwood, MO 63042.

4.      Defendant admits the allegations in Paragraph 4.

5.      Defendant admits that is an Oklahoma LLC but denies that it provided any "goods" to the Debtors.

## JURISDICTION AND VENUE

6.      Defendant admits the allegations in Paragraph 6.

7.      Defendant admits the allegations in Paragraph 7.

8.      Pursuant to Local Bankruptcy Rule 7008-1, Defendant consents to entry of a final judgment or order by the Bankruptcy Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

9.      Defendant admits the allegations in Paragraph 9.

## BASIS FOR RELIEF REQUESTED

10.      Defendant admits the allegations in Paragraph 10 but denies that Plaintiff is entitled to the requested relief.

## PROCEDURAL BACKGROUND

11.      Defendant admits the allegations in Paragraph 11.

12.      Defendant admits that SpecGX, LLC listed a claim by Defendant as alleged in Paragraph 12.

13.      Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 13 and therefore denies the same.

14.      Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 14 and therefore denies the same.

15.      Defendant is without sufficient knowledge to either admit or deny the allegations

contained in Paragraph 15 and therefore denies the same

16.     Defendant is without sufficient knowledge to either admit or deny the allegations

contained in Paragraph 16 and therefore denies the same.

## FACTUAL BACKGROUND

17.     Defendant admits the allegations in Paragraph 17.

18.     Defendant admits that it had a Patient Assistance Program with the Debtor but

denies that it provided any "goods" to the Debtors.

19.     Defendant admits that Debtor made payments to Defendant but denies that it

provided any "goods" to the Debtors.

20.     Defendant admits the allegations in Paragraph 20.

21.     Defendant admits the allegations in Paragraph 21.

22.     Defendant is without sufficient knowledge to either admit or deny the allegations

contained in Paragraph 22 and therefore denies the same.

23.     Defendant admits the demand alleged in Paragraph 23 but denies anything was

owed.

24.     Defendant admits the allegations in Paragraph 24.

25.     Defendant denies the allegations in Paragraph 25.

26.     Defendant is without sufficient information to know what discovery may or may

not be conducted by Plaintiff and what may be discovered.  Defendant denies that Plaintiff shall

be entitled to unilaterally amend its Complaint without complying with the applicable Rules of

Federal and Bankruptcy Procedure.

## FIRST CLAIM FOR RELIEF

27.     Defendant incorporates its previous answers in response to Paragraph 27.

28.     Defendant admits the allegations in Paragraph 28.

29.     Defendant admits the allegations in Paragraph 29.

30.     Defendant admits that it was a creditor as alleged in Paragraph 30 but denies there were any goods sold.

31.     Defendant admits the allegations in Paragraph 31.

32.     Defendant admits that the subject payments were made to Defendant for or on account of antecedent debts.

33.     Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 33 and therefore denies the same.

34.     Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 34. and therefore denies the same

35.     Defendant denies the allegations in Paragraph 35.

36.     Defendant admits the allegations in Paragraph 36 but denies that it has any liability to Plaintiff.

37.     Defendant denies the allegations in Paragraph 37.

## SECOND CLAIM FOR RELIEF

38.     Defendant incorporated its previous answers in response to Paragraph 38.

39.     Defendant denies the allegations in Paragraph 39.

40.     Defendant admits the allegations in Paragraph 40.

41.     Defendant denies the allegations in Paragraph 41.

## THIRD CLAIM FOR RELIEF

42.     Defendant incorporates its previous answers in response to Paragraph 42.

43.     Defendant denies the allegations in Paragraph 43.

44.     Defendant admits it has not paid anything to the Plaintiff but denies that anything is due.

45.     Defendant denies the allegations in Paragraph 45.

46.     Defendant denies the allegations in Paragraph 46.

47.     Defendant denies the allegations in Paragraph 47.

WHEREFORE, Defendant prays that the relief requested by the Plaintiff be denied and that the Defendant recover its costs and fees incurred herein.

## AFFIRMATIVE DEFENSES

1.     All of the payments alleged in the Complaint were made in the ordinary course of business of the Defendant and the Debtors and are therefore excepted from the preference provisions pursuant to Section 547(c)(2).

2.     To the extent the Defendant provided additional services to the Debtor after the payments identified in the Complaint and such services remained unpaid as of the Petition Date, the Defendant is entitled to a credit for subsequent new value pursuant to Section 547(c)(4).

3.     To the extent a fraudulent conveyance is alleged in the Complaint it is barred by 11 U.S.C. § 548(c) because a transferee or obligee that takes for value and in good faith has a lien on or may retain any interest transferred or may enforce any obligation incurred, as the case may be, to the extent that such transferee or obligee gave value to the Debtor(s) in exchange for such transfer or obligation.

4.     The relief sought by Plaintiff against Defendant in the Complaint should be barred, in whole or in part, to the extent called for by the doctrine of laches.

5.     The relief sought by Plaintiff against Defendant in the Complaint should be barred, in whole or in part, to the extent called for by the doctrine of unclean hands.

6.      The relief sought by Plaintiff against Defendant in the Complaint should be barred, in whole or in part, to the extent called for by the doctrines of waiver, estoppel, issue preclusion, and/or claims preclusion.

7.      The relief sought by Plaintiff against Defendant in the Complaint should be denied to the extent permitted under principles of waiver and/or release.

8.      The relief sought by Plaintiff against Defendant in the Complaint should be barred to the extent that the Defendant was a mere conduit with respect to any of the transfers identified in the Complaint.

9.      The Defendant reserves the right to assert any affirmative defense available under the Bankruptcy Code or other applicable law, as may be discovered during the course of additional discovery and investigation.

10.      In asserting its affirmative defenses Defendant does not shift any burden of proof or assume the need to prove any element of any claim asserted by the Plaintiff.  To the extent that any of the defenses asserted below are not considered affirmative defenses, but rather part of the Plaintiff's burden of proof or elements the Plaintiff must prove in connection with its case-in-chief, such shall remain a part of the Plaintiff's burden notwithstanding any characterization herein of such aspects of the Plaintiff's *prima facie* case as affirmative defenses.

WHEREFORE, the Defendant prays that the relief requested by the Plaintiff be denied and that the Defendant recover its costs and attorney's fees herein.

Date:  October 31, 2022
Wilmington, DE

**SULLIVAN · HAZELTINE · ALLINSON** LLC

*/s/ William A. Hazeltine*
William D. Sullivan (No. 2820)
William A. Hazeltine (No. 3294)
919 North Market Street, Suite 420
Wilmington, DE 19801
Tel: (302) 428-8191
Fax: (302) 428-8195
bsullivan@sha-llc.com
whazeltine@sha-llc.com

and

**CONNER & WINTERS, LLP**

Timothy T. Trump, OBA #10684
4100 First Place Tower
15 E. 5th Street
Tulsa, OK  74103
918 / 586-8513
ttrump@cwlaw.com

*Attorneys for Defendant, MaxCare LLC d/b/a MaxCare RX*